
**FILED**
NOV 29 2012
Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| GARY ORAM, JR., | ) | CV 11-26-BU-DLC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| JAMES DOLAN, | ) | |
| KEN PETERSON, and | ) | |
| DON GUIBERSON, | ) | |
| | ) | |
| Defendants. | ) | |

United States Magistrate Judge Carolyn Ostby issued Findings and Recommendations on Defendants' motion for summary judgment on August 2, 2012, recommending Oram's claims be dismissed because Defendants are entitled to qualified or prosecutorial immunity. (Doc. 50.) Plaintiff Gary Oram timely filed objections and is therefore entitled to de novo review of the specified findings and recommendations to which he objects. 28 U.S.C. § 636(b)(1).

Plaintiff itemized 11 objections to Judge Ostby's Findings and

1

Recommendations. (Doc. 51.) First, Plaintiff objects to an adjudication with prejudice, arguing Judge Ostby did not address his perjury claims and that his right to appeal has been foreclosed. Plaintiff is incorrect on both counts. Judge Ostby stated that "Oram disputes whether the witnesses were telling the truth, but it is largely undisputed what the officers knew about Oram, what they observed at the scene, and what they were told by the witnesses." (Doc. 50 at 25.) Oram's perjury claims were addressed in Judge Ostby's analysis concluding Defendants had probable cause to arrest Oram for disorderly conduct. Oram's appellate rights have not been foreclosed–he appealed Judge Ostby's findings to this Court pursuant to 28 U.S.C. § 636(b)(1), and he may appeal this decision to the Ninth Circuit Court of Appeals if he chooses. Fed. R. App. P. 3.

Plaintiff next objects to denial of his right to a jury trial guaranteed by the Seventh Amendment. The United States Supreme Court held over 100 years ago that "a summary judgment proceeding does not deprive the losing party of its Seventh Amendment right to a jury trial." *In re Slatkin*, 525 F.3d 805, 811 (9th Cir. 2008) (citing *Fid. & Deposit Co. of Md. v. United States*, 187 U.S. 315, 319–21, (1902)). This objection lacks merit.

Plaintiff objects to Judge Ostby's finding that he approached witnesses in the underlying criminal matter, asserting that the witnesses actually approached

him. Judge Ostby was not required to determine who was the aggressor in the fight that led to Plaintiff's disorderly conduct citation. She properly reviewed all of the evidence in the record and correctly determined Defendants had probable cause to arrest Plaintiff. Plaintiff admits to fighting in a bar and on a public street. This admission authorized Defendants to cite Plaintiff for disorderly conduct under Mont. Code. Ann. § 45-8-101(1)(a), regardless of who started the fight. Judge Ostby did not err in not determining the aggressor of the fight.

Plaintiff objects that defense counsel Lilly's assertion that he contacted Plaintiff prior to filing his motion for summary judgment was hearsay and should not have been considered. Local Rule 7.1 required Lilly to contact Plaintiff to see if he objected to filing of the motion. This objection is meritless.

Plaintiff next contends Judge Ostby erred by finding he failed to state a claim for malicious prosecution. Judge Ostby's finding that Plaintiff failed to produce evidence that he was prosecuted absent probable cause and that his prosecution was terminated favorably is correct. Similarly, Plaintiff's objection that Judge Ostby misperceived his case as a false arrest case is unpersuasive. Plaintiff's assertion that he was temporarily detained, and not arrested, is wrong. The facts outlined by Judge Ostby demonstrate that he was arrested, cited for disorderly conduct, and released.

Next, Plaintiff objects to Judge Ostby's finding that Defendants did not use excessive force, assuming Officer Guiberson did in fact push Plaintiff. Judge Ostby correctly analyzed Plaintiff's excessive force claim under the Fourth Amendment, not the Eighth Amendment, because he had not been arraigned when the alleged push occurred. *Graham v. Connor*, 490 U.S. 386, 394-395 (1989). Defendant Guiberson's minimal use of force weighed against the violent crime for which Plaintiff was arrested and Plaintiff's threatening manner does not establish a Fourth Amendment violation. *Id.* at 396.

It is unclear what Plaintiff objects to in his eighth objection, so it will not be addressed. In objection nine, Plaintiff objects to Judge Ostby's finding that he failed to present evidence showing the prosecution ended in his favor. Plaintiff then describes evidence that was not in the record before Judge Ostby that suggests he believes the prosecutions have exceeded the speedy trial limit or the statute of limitations. This evidence, even if considered, still does not show that the prosecution has been finally terminated in his favor.

Plaintiff's next objection that Defendant Dolan issued an arrest warrant to revoke his suspended sentence before a full and fair hearing was conducted misconstrues the facts of his case. Dolan did not issue the arrest warrant, the Dillon City Court did. (Doc. 38-1 at 12.) Irregardless, Judge Ostby correctly

determined Defendant Dolan was entitled to absolute prosecutorial immunity. (Doc. 50 at 34-35.)

Finally, Plaintiff objects to Judge Ostby's determination that he did not raise an excessive force claim for the manner in which Defendants handcuffed him. Plaintiff asserts that the pictures of his injured wrists that he submitted should have made it clear that he raised such a claim, despite his failure to actually allege any such facts in his pleadings. Judge Ostby correctly found that Plaintiff did not allege a claim regarding his handcuffs, did not allege that the handcuffs were too tight, nor did he allege that he complained to Defendants about the handcuffs. *Liiv v. City of Coeur d'Alene*, 130 Fed. Appx. 848 (9th Cir. 2005). Attaching pictures to a pleading alone is not sufficient to state an excessive force claim.

Judge Ostby correctly determined that Plaintiff's constitutional rights were not violated and Defendants are entitled to qualified immunity on Counts One and Two. Defendant Dolan is entitled to prosecutorial immunity for Count Three, and no claim is raised in Count Four. Because the Court is dismissing all of Plaintiff's federal law claims, it will decline to exercise supplemental jurisdiction over his state law claims. There being no clear error in Judge Ostby's remaining findings and recommendations,

IT IS HEREBY ORDERED:

1. Judge Ostby's Findings and Recommendations (doc. 50) are ADOPTED in full.

2. Defendants' Motion for Summary Judgment (doc. 37) is GRANTED and this case is DISMISSED WITH PREJUDICE.

3. The Court declines to exercise supplemental jurisdiction over Plaintiff's claims.

4. The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Procedure.

Dated this 29th day of November, 2012.

Dana L. Christensen, District Judge
United States District Court